Affirmed and Memorandum Opinion filed April 13, 2006









Affirmed and Memorandum Opinion filed April 13, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00804-CR

____________

 

MICHAEL WAYNE JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 185th District Court

Harris
County, Texas

Trial
Court Cause No. 990,384

 



 

M E M O R A N D U M  O
P I N I O N

A jury convicted Michael Wayne Johnson of the offense of
aggravated robbery with a deadly weapon and sentenced him to confinement for
forty years in the Texas Department of Criminal Justice, Institutional
Division.  Johnson appeals claiming the
trial court erred in permitting his in-court identification because the
pre-trial identification was impermissibly suggestive and gave rise to a
substantial likelihood of irreparable misidentification.

 








In determining whether the in-court identification was
admissible, we first consider whether there is clear and convincing evidence
the pre-trial identification procedure was impermissibly suggestive.  See Barley v. State, 906 S.W.2d 27,
33-34 (Tex. Crim. App. 1995).  The record
reflects a photo-spread was prepared containing photographs of appellant and
five other males with similar likenesses, facial features, complexions, and
hair.  The complainant, Troy Berry,
viewed the array but did not identify appellant.  

Berry=s granddaughter then viewed the array and informed the
officer that appellant=s current appearance differed from his picture.  The officer instructed her not to say
anything to Berry or influence his identification.  The record does not indicate she failed to
follow his instructions.  Two days later,
Berry was shown a new photo-spread with a different photograph of appellant and
five other males.  Berry identified
appellant saying, Athat=s the one who pulled the shotgun on me.@

Appellant does not identify what aspect of the procedure was
unduly suggestive.  The fact that
appellant appeared in both photo-spreads might have been suggestive, but not
impermissibly so.  Id. at 34.  There is no suggestion in the record that
Berry recognized appellant from the first array when viewing the second
one.  Appellant has not demonstrated the
pre-trial identification procedure was impermissibly suggestive.  Accordingly, there is no need to determine
whether under the circumstances the procedure created a substantial likelihood
of misidentification.  Appellant=s issue is overruled.  The judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered
and Memorandum Opinion filed April 13, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do not publish - Tex. R.
App. P. 47.2(b).